# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH GOINGS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-1401-KHV |
| CITY OF PITTSBURG, PITTSBURG POLICE ) | |
| DEPARTMENT, CHRISTOPHER MOORE, ) | |
| SCOTT SULLIVAN and JEFF WOODS ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se,* alleges that defendants violated 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution during a traffic stop and DUI arrest which occurred in the City of Pittsburg, Kansas on November 29, 2008. Specifically, plaintiff alleges that (1) defendants Scott Sullivan and Christopher Moore used unlawful force when arresting plaintiff; (2) defendant Moore violated the Fifth Amendment by questioning plaintiff before informing him of Miranda rights; (3) defendant Moore violated the Fourth and Fourteenth Amendments by falsely arresting and imprisoning plaintiff without probable cause; (4) defendants Sullivan, Moore and Jeff Woods violated the Sixth Amendment by prosecuting him for driving under the influence based on testimony from an unidentified eyewitness; and (5) defendants City of Pittsburg and Pittsburg police department are liable for failing to properly train, supervise and discipline the individual defendants who violated plaintiff's rights.

This matter is before the Court on the Dismissal (Doc. #29) which plaintiff filed May 12, 2011 and which the Court construes as a request to dismiss under Rule 41(a)(2), Fed. R. Civ. P.[1] Defendants do not oppose plaintiff's request.  See Response To Notice Of Dismissal (Doc. #32), filed May 23, 2011.[2]

**IT IS THEREFORE ORDERED** that the case be and hereby is **DISMISSED** without prejudice.

Dated this 25th day of May, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Plaintiff cannot voluntarily dismiss the case without a court order because he did not serve the notice of dismissal before defendants answered, as required by Rule 41(a)(1)(i), or file a stipulation of dismissal signed by all parties as required by Rule 41(a)(1)(ii). Thus the Court considers plaintiff's request under Rule 41(a)(2), Fed. R. Civ. P., which states that "an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper."

[2] Defendants note that if plaintiff later re-files the case, they will seek costs under Rule 41(d), Fed. R. Civ. P.