IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH GOINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-1401-KHV |
| **CITY OF PITTSBURG, KANSAS;** ) | |
| **PITTSBURG POLICE DEPARTMENT;** ) | |
| **CHRISTOPHER MOORE;** ) | |
| **SCOTT SULLIVAN and JEFF WOODS;** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

On May 25, 2011 the Court entered an Order dismissing this case without prejudice at plaintiff's request. See Doc. #34.[1]  On June 13, 2011 plaintiff filed a substantially similar lawsuit against most of the same defendants. See D. Kan. Case No. 11-4056-SAC.[2]  On

---

[1] Under 42 U.S.C. § 1983, plaintiff brought claims of excessive force (Count I) against Sullivan and Moore; violation of the right to remain silent (Count II) and false arrest and imprisonment (Count III) against Moore; violation of the confrontation clause of the Sixth Amendment (Count IV) against Moore, Sullivan and Woods, and municipal and department liability for failure to properly train, supervise and discipline (Count V) against the City of Pittsburg and the Pittsburg Police Department. See Doc. #1. Plaintiff's claims stemmed from his arrest and prosecution for DUI after a motor vehicle accident on November 29, 2008.

[2] In the second case, plaintiff brought claims under 42 U.S.C. § 1983 for violation of the right to remain silent (Count I) and wrongful arrest (Count II) against Moore; violation of the confrontation clause of the Sixth Amendment (Count III) against Moore, Sullivan and Woods; violation of Fourteenth Amendment due process (Count IV) against all defendants; supervisor liability (Count V) against Woods, and municipal liability (Count VI) against the City of Pittsburg. See Doc. #1, D. Kan. Case No. 11-4056-SAC. These claims involved the same arrest and prosecution as this case, though plaintiff did not bring claims against the Pittsburg Police Department or official capacity claims against Moore, Sullivan and Woods – claims which the defendants in this case sought to dismiss before plaintiff filed his voluntary dismissal.

1

September 14, 2011, United States District Judge Sam A. Crow entered an order dismissing that case with prejudice under Rule 12(b)(6), Fed. R. Civ. P., and ordering plaintiff to reimburse defendants' costs.  See Doc. #16 in D. Kan. Case No. 11-4056-SAC.  Plaintiff then turned his attention back to this case and on October 5, 2011 filed <u>Plaintiff's Motion To Vacate Order Of Dismissal And To Reopen Case</u> (Doc #36) and <u>Plaintiff's Motion To Amend Complaint</u> (Doc. #37), which are now before the Court.

Purportedly under D. Kan Rule 72.1.1(i)(17) and K.S.A. § 60-518, plaintiff asks the court to vacate its prior order of dismissal and reopen his case.[3]  He argues that "the factual or legal issues have yet to be properly presented in this court," that he filed the voluntary dismissal before resting his case and that he seeks to reopen the case to "prevent injustice."  He notes that he is within the six-month time allowed by "K.S.A." to re-file his action after notice of a voluntary dismissal.  Plaintiff also seeks leave to amend his complaint (assuming the Court grants his motion to reopen the case) to (1) add a claim for violation of Fourteenth Amendment due process against defendants Moore and Sullivan, (2) revise his claim of municipal liability against the City of Pittsburg and (3) remove all other claims and defendants.  The proposed amendments attempt to state the same claims, with some factual embellishments, that plaintiff presented in Case No. 11-4056-SAC.

Defendants oppose plaintiff's motions.  They correctly note that D. Kan. Rule 72.1.1(i)(17) does not provide an appropriate vehicle for the relief which plaintiff seeks.  Rather,

---

[3]     D. Kan. Rule 72.1.1 deals with the duties and authority of magistrate judges.  Section (i)(17) states that pursuant to 28 U.S.C. § 636(b)(3), magistrate judges are to "perform any additional duty that is not inconsistent with the Constitution and laws of the United States."

Rule 60(b), Fed. R. Civ. P., controls plaintiff's motion.[4]  Rule 60(b) enumerates six circumstances in which the Court can relieve plaintiff of the final order and judgment of dismissal: (1) inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Only the sixth prong, which is sometimes referred to as a "catch-all provision," Davis v. Kansas Dep't of Corrs., 507 F.3d 1246, 1248 (10th Cir. 2007), arguably encompasses plaintiff's stated grounds for reopening this case.

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."  Id. (quotations omitted).  And while Rule 60(b)(6) embraces the broad equitable powers of district courts, a court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice.  Cashner v. Freedom Stores Inc., 98 F.3d 572, 576 (10th Cir. 1996).  Relief under Rule 60(b)(6) "is even more difficult to attain" than under other Rule 60(b) provisions and "is appropriate only when it offends justice to deny such relief."  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir.2005) (quotations omitted).  As defendants note, plaintiff presents no evidence or argument to support his argument that it is necessary to reopen the case to prevent injustice.  Plaintiff's argument that

---

[4]  The authorities cited by plaintiff – D. Kan. Rule 72.1.1 and K.S.A. § 60-518 – do not apply here.  D. Kan. Rule 72.1.1 addresses the duties and authority of magistrate judges in this district, as controlled by 28 U.S.C. § 636.  K.S.A. § 60-518 is a rule of procedure which applies to Kansas state courts, not federal courts such as this, which follow the Federal Rules of Civil Procedure.  See Rule 1, Fed. R. Civ. P.

he has not had an opportunity to litigate his claims is not well taken, given the procedural history of this case and Case No. 11-4056-SAC.  Both of the claims which plaintiff seeks to bring in his amended complaint were decided in Case No. 11-4056-SAC, and plaintiff did not appeal.  See Doc. #16 at 21 (dismissing Fourteenth Amendment claim relating to DMV report), 22 (dismissing municipal liability claim because plaintiff did not allege underlying constitutional violation).  A motion under Fed. R. 60(b) does not substitute for a timely appeal on the merits, and plaintiff cannot attempt to revive in this case claims which Judge Crow already decided.

**IT IS THEREFORE ORDERED** Plaintiff's Motion To Vacate Order Of Dismissal And To Reopen Case (Doc #36) and Plaintiff's Motion To Amend Complaint (Doc. #37), both filed October 5, 2011, be and hereby are **OVERRULED**.

Dated this 24th day of February, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge